IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THOMAS A. WHEAT, JR.,                    :
                                         :      C.A. No: K15A-12-002 RBY
                    Appellant,           :      In and for Kent County
                                         :
        v.                               :
                                         :
UNEMPLOYMENT INSURANCE                   :
APPEALS BOARD,                           :
                                         :
                    Appellee.            :


*Submitted: June 16, 2016*
*Decided: July 1, 2016*


*Upon Consideration of Appellant's Appeal from
the Unemployment Insurance Appeals Board*
AFFIRMED

**ORDER**


Thomas A. Wheat, Jr., *Pro se.*

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeals Board.


Young, J.

## SUMMARY

Thomas Wheat, Jr. ("Appellant") appeals the decision of the Unemployment Insurance Appeals Board ("the Board") finding that he is disqualified from receipt of unemployment benefits. The Board found that Appellant was discharged from his employment for just cause and therefore was disqualified to receive the disputed benefits. Because the Board's decision is supported by substantial evidence and free from legal error, the decision below is **AFFIRMED**.

## FACTS

Appellant was employed b Dover Downs ("Employer") from 2010 until his discharge in 2015. Dover Downs ("Employer") requires that employees report arrests to a manager immediately, a rule which is outlined in the Employee Handbook. Appellant was arrested on June 24, 2015 on criminal charges. Appellant chose not to report his arrest immediately, in direct violation of the rules.

Appellant also was required to report any arrest to the Delaware Division of Gaming Enforcement ("Gaming Enforcement") within three days time. On July 28, 2015, Appellant's gaming license was suspended as a result of his arrest. Gaming licensure is necessary for Appellant's work with Employer. On August 1, 2015, Employer terminated Appellant for failing to report his arrest according to the requirements outlined in the Employee Handbook. Appellant filed for unemployment insurance benefits on September 6, 2015. On September 21, 2015, a Claims Deputy found that Appellant had been discharged for just cause and was disqualified from receiving unemployment benefits.

On October 7, 2015, a hearing was held before an Appeals Referee for the

Board regarding the Appellant's disqualification for unemployment benefits. There, Employer's Representative restated that Appellant failed to report his arrest, both to Employer and to Gaming Enforcement.

In his defense, Appellant asserted that he had reported his arrest to a security manager with whom he felt comfortable speaking. The security manager recommended that Appellant report his arrest to Employer. Appellant testified that personal issues led him to delay reporting the arrest in an effort to retain his employment and income. Additionally, Appellant stated that his gaming license had been only suspended, not revoked, at the time he was terminated. Thus, Appellant disputed any implication on Employer's part that he could not return to work, since it was possible that his license would be reinstated.

In response, Employer's Representative elicited Appellant's acknowledgment that Appellant had received and signed the Employee Handbook. The Representative stressed how the rules provided Appellant notice that he was required to report his arrest to *his* manager immediately. Further, the Representative clarified that notifying simply *any* manager, such as the one Appellant spoke with, was insufficient.

In closing, the Referee asked Appellant directly whether he told the security manager that he was going to wait to report his arrest to Employer. Appellant confirmed that he did.

Following the hearing, the Appeals Referee issued a decision affirming the Claims Deputy. The Referee indicated that Employer had met the preponderance standard to show just cause existed for Appellant's discharge. The decision was based upon Appellant's "undisputed...[and] acknowledged receipt of Employer's policies."

Based on Appellant's awareness of the rules, the Referee concluded that his behavior constituted willful conduct in violation of his duty to Employer. As a result, Employer had just cause to terminate Appellant. Therefore, Appellant was ineligible to receive unemployment benefits.

Appellant timely appealed the Referee's decision, restating his position that both his discharge and the review proceedings were unfair. On November 10, 2015, the Board convened a hearing on the appeal. There, Appellant reasserted the argument that Employer should not have fired him before he had a chance to resolve his criminal charges, have his license reinstated, and report the events once settled. Employer's Representative opted to stand on the record below. The Board adopted the Referee's decision that Appellant was fired for just cause. Therefore, the Board affirmed the Referee's opinion, holding that Appellant was disqualified from receiving unemployment benefits.

Appellant appealed the Board's decision to this Court on December 15, 2015. Appellant listed his grounds for appeal as follows: 1) Employer was too harsh in it's decision to discharge Appellant; 2) Employer should have suspended Appellant in lieu of termination; 3) Employer could have waited until the final outcome of Appellant's gambling licensure suspension prior to terminating him; and 4) Appellant wants to receive his job back or to receive unemployment benefits.

Appellant's opening and reply briefs restated his grounds for appeal and contended that Employer unfairly applies its' rules to employees. The Board declined to file an answering brief.

## STANDARD OF REVIEW

An appeal from an administrative board's final order to this Court is restricted to a determination of whether the Board's decision is free from legal error and supported by substantial evidence.[1] "In reviewing the record for substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below."[2] "The Court does not weigh the evidence, determine credibility or make its own factual findings."[3] Questions of law are reviewed *de novo*.[4] If there is substantial evidence and no error of law, the Board's decision will be affirmed, unless the Board committed an abuse of discretion.[5]

## DISCUSSION

Here, the facts support the repeated findings below that Employer had just cause to discharge Appellant, who was therefore ineligible to receive unemployment benefits. Appellant argues that Employer could have or should have treated him differently, by either waiting or suspending him instead of terminating him immediately upon discovery of his arrest. However, this Court cannot review

---

[1] 29 *Del. C.* § 10142(d); *Wilson v. Breakers Hotel & Suites*, 2010 WL 2562214 (Del. Super. June 24, 2010).

[2] *Pochvatilla v. U.S. Postal Service*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997).

[3] *Bd. of Educ. of Capital Sch. Dist. v. Johns*, 2002 WL 471175, at *2 (Del. Super. Mar. 27, 2002).

[4] *Am. Fed'n of State, County and Mun. Employees, Council 81 v. State Pub. Employees Relations Bd.*, 2011 WL 2176113 (Del. Super. May 25, 2011).

[5] *See PAL of Wilmington v. Graham,* 2008 WL 2582986, at *4 (Del. Super. Ct. June 18, 2009).

hypothetical alternative factual outcomes.

The only issue in this case is whether Appellant was discharged for just cause. Employer's rules in the Employee Handbook required reporting any arrest to an employee's direct manager immediately. Appellant confirmed that he received and signed the Employee Handbook, thereby acknowledging the requirement. Furthermore, Appellant clearly stated that he chose to delay reporting his arrest to Employer, thus violating the rules. Based on the evidence, the Board found that Employer had met its burden to prove that Appellant was discharged for just cause. The Board's findings are supported by substantial evidence and free from legal error.

## **CONCLUSION**

For the foregoing reasons, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
oc:     Prothonotary
cc:     Counsel
        Thomas A. Wheat, Jr. (via U.S. Mail)
        Opinion Distribution